PER CURIAM.
Appended to this opinion are the revised Florida Rules of Probate and Guardianship Procedure, to be cited as Fla.R.P. & G.P. These rules are to take effect as to all proceedings within their scope, from and after 12:01 a.m., July 1, 1977. All present Rules of Probate and Guardianship Procedure which are inconsistent with these published rules are hereby superseded as of that date.
In In re Florida Rules of Probate and Guardianship Procedure, 324 So.2d 38 (Fla.1975), temporary rules were adopted, without following the usual notice procedure, so that the procedural rules could take effect with the effective date of the new Florida Probate Code, Chapters 731 through 735, Florida Statutes (1975).
Since that time, the Probate and Guardianship Rules Committee of The Florida Bar has met and prepared a set of suggested changes to the rules and committee notes, receiving during the course of its deliberations suggestions from the Probate Section of the Florida Conference of Circuit Judges, and from numerous individuals. This Court has reviewed the proposed rules, and has considered the recommendations of other interested persons.
We are publishing in the Appendix to this order not only the specific rules which have been amended, but the entire Florida Rules of Probate and Guardianship Procedure, together with revised committee comments from 1975 and 1977. This is done so that the entire Probate and Guardianship Rules may appear in a given publication.
Copies of these rules will be distributed immediately to judges serving in probate and to the respective law libraries in the state.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
APPENDIX
IN RE: CHANGES IN PROBATE AND GUARDIANSHIP RULES
SUPPLEMENTAL PETITION OF THE FLORIDA BAR
The Florida Bar respectfully shows:
1. That on December 8, 1975, a petition was filed in this Court in behalf of The Florida Bar requesting prompt consideration of proposed new Probate and Guardianship Rules which were attached to the petition. A hearing was held on the petition on December 10, 1975, and this Court entered its order on December 17, 1975, adopting the rules effective from and after 12:01 a. m., January 1,1976, as transitional and temporary in nature and requested the Probate and Guardianship Rules Committee of The Florida Bar and other interested parties to file any appropriate suggestions or objections on or before June 15, 1976.
2. That in behalf of The Florida Bar the Probate and Guardianship Rules Committee has held committee meetings on January 9,1976, March 5,1976, and May 21, 1976, and considered suggestions *829 and. objections to the transitional rules received from members of the judiciary and members of the Bar.
3.That the Probate and Guardianship Rules Committee has prepared a set of suggested changes to the rules and committee notes, some of which changes were necessitated by the renumbering of pertinent statutes. All suggested changes have been approved by the Committee and also by the Board of Governors of The Florida Bar.
4.The recommended changes are indicated in the proposed rules and their respective committee notes which are attached to this petition and consist of the following rules:
Rule 5.015 Rule 5.150 Rule 5.280 Rule 5.550 Rule 5.630
Rule 5.020 Rule 5.160 Rule 5.320 Rule 5.560 Rule 5.640
Rule 5.025 Rule 5.170 Rule 5.345 Rule 5.570 Rule 5.650
Rule 5.030 Rule 5.175 Rule 5.360 Rule 5.590 Rule 5.660
Rule 5.040 Rule 5.180 Rule 5.400 Rule 5.600 Rule 5.670
Rule 5.090 Rule 5.200 Rule 5.420 Rule 5.610 Rule 5.680
Rule 5.110 Rule 5.240 Rule 5.480 Rule 5.620 Rule 5.690
Rule 5.120 Rule 5.260 Rule 5.530 Rule 5.700
5.The Florida Bar, through its Board of Governors, urges the prompt consideration by the Court of the proposed changes to the above-numbered rules.
Respectfully submitted,
THE FLORIDA BAR
By: /s/ Edward J. Atkins_ Edward J. Atkins President
By: /s/ James J. Altman_ James J. Altman, Chairman Probate and Guardianship Rules Committee
PROBATE AND GUARDIANSHIP RULES
INDEX
PART I — GENERAL:
RULE 5.010. SCOPE
RULE 5.015. GENERAL DEFINITIONS
RULE 5.020. PLEADINGS; VERIFICATION; COPIES
RULE 5.025. ADVERSARY PROCEEDINGS
RULE 5.030. ATTORNEYS
RULE 5.040. NOTICE; METHOD AND TIME; PROOF
RULE 5.050. TRANSFER OF PROCEEDINGS
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
RULE 5.070. SUBPOENA
RULE 5.080. DEPOSITIONS AND DISCOVERY
RULE 5.090. ALLOCATION OF COSTS; EXPENSES; FEES AND COMMISSIONS [deleted]
RULE 5.100. APPEAL
RULE 5.110. RESIDENT AGENT
■RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM
RULE 5.150. ORDER REQUIRING ACCOUNTING
*830 RULE 5.160. . PRODUCTION OF ASSETS
RULE 5.170. EVIDENCE
RULE 5.175. VIRTUAL AND OTHER REPRESENTATION [deleted]
RULE 5.180. NOTICE; WAIVER
PART II — PROBATE:
RULE 5.190. DEFINITIONS
RULE 5.200. PETITION FOR ADMINISTRATION
RULE 5.210. PROOF OF WILLS
RULE 5.230. COMMISSION TO PROVE WILL
RULE 5.240. NOTICE OF ADMINISTRATION
RULE 5.260. CAVEAT; PROCEEDINGS
RULE 5.270. REVOCATION OF PROBATE
RULE 5.280. PROBATE OF WILL WRITTEN IN FOREIGN LANGUAGE
RULE 5.290. PROBATE OF NOTARIAL WILL
RULE 5.310. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION
RULE 5.320. OATH OF PERSONAL REPRESENTATIVE
RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
RULE 5.340. INVENTORY
RULE 5.345. ELECTION OF FISCAL YEAR; INTERIM ACCOUNTINGS; OBJECTIONS TO INTERIM ACCOUNTINGS
RULE 5.350. CONTINUANCE OF BUSINESS OF DECEDENT
RULE 5.360. DUTY TO PAY ELECTIVE SHARE
RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
RULE 5.380. PROCEEDINGS FOR COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTEREST
RULE 5.390. PARTITION FOR PURPOSES OF DISTRIBUTION
RULE 5.400. DISTRIBUTION; FINAL DISCHARGE
RULE 5.410. EXEMPT ESTATES
RULE 5.420. DISPOSITION WITHOUT ADMINISTRATION
RULE 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
RULE 5.440. PROCEEDINGS FOR REMOVAL
RULE 5.450. ADMINISTRATION FOLLOWING DEATH; RESIGNATION OR REMOVAL
RULE 5.460. SUBSEQUENT ADMINISTRATION
RULE 5.470. ANCILLARY ADMINISTRATION
RULE 5.480. FORM; FILING; RECORDING AND SERVICE OF DISCLAIMER INSTRUMENTS [deleted]
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
RULE 5.500. PROBATE OF WILL OF RESIDENT AFTER FOREIGN PROBATE
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
RULE 5.530. SUMMARY ADMINISTRATION; PETITION; HEARING AND DISTRIBUTION
PART III — GUARDIANSHIP:
RULE 5.540. DEFINITIONS
RULE 5.550. PETITION FOR ADJUDICATION OF INCOMPETENCY
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN
RULE 5.570. NOTICE: ADJUDICATION OF INCOMPETENCY AND APPOINTMENT OF GUARDIAN
RULE 5.590. DISQUALIFICATION OF GUARDIAN: NOTIFICATION
*831 RULE 5.600. OATH
RULE 5.610. EXECUTION BY GUARDIAN
RULE 5.620. INVENTORY; APPRAISALS
RULE 5.630. PETITION AND NOTICE FOR APPROVAL OF ACTS
RULE 5.640. CONTINUANCE OF BUSINESS OF WARD
RULE 5.650. RESIGNATION OF GUARDIAN AND APPOINTMENT OF SUCCESSOR
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
RULE 5.680. TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD’S INCAPACITY, DEATH OR EXHAUSTION OF ASSETS
RULE 5.690. ANNUAL ACCOUNTINGS
RULE 5.700. OBJECTIONS TO ANNUAL ACCOUNTINGS
PART I — GENERAL
RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall be known as the Florida Rules of Probate and Guardianship Procedure and may be cited as Fla.R.P. & G.P. Part I of these rules applies to both probate and guardianship procedure. Part II applies to probate alone and Part III to guardianship alone. The Rules of Civil Procedure apply only as provided herein.
Rule 5.010. Committee Notes;
1975 Revision: These rules shall govern the procedures to be followed in all matters pending on or commenced after January 1, 1976, including procedures for the enforcement of substantive rights that have vested before that date. See FPC 731.011.
1977 Revision: The changes in these rules shall take effect on July 1, 1977.
RULE 5.015. GENERAL DEFINITIONS
Words not defined in these rules shall have the meanings as defined in the Florida Probate Code and Florida Guardianship Law, as amended from time to time. (See Fla.R.P. & G.P. 5.190 and 5.540.)
Rule 5.015. Committee Notes:
1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See Fla.R.P. & G.P. 5.190 and 5.540 and also FPC 731.201 and FGL 744.102.
RULE 5.020. PLEADINGS; VERIFICATION; COPIES
(a) Forms of Pleading. Pleadings shall be signed by the attorney of record, and by the pleader when required by these rules. All technical forms of pleadings are abolished. No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void.
(b) Petition. The petition shall contain a short and plain statement of the relief sought, the grounds therefor, and the jurisdiction of the court where the jurisdiction has not already been shown.
(c) Verification. When verification of a document is required by these rules or the FPC, the document filed shall include an oath, affirmation or the following statement:
“Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.”
(d) Copies. In adversary proceedings, or when otherwise required by these rules, copies of all pleadings and motions shall be served on the attorney of record of each interested person, and on each interested *832 person not represented by an attorney of record.
Rule 5.020. Committee Notes:
1977 Revision: Editorial change (rule) and expansion of committee note.
Subparagraphs (a), (b), and (d) substantially the same as subparagraphs (a), (b), and (f) of prior Fla.R.P. & G.P. 5.030. Sub-paragraph (c) taken from FPC 731.104. For adversary proceedings see new Fla.R.P. & G.P. 5.025. Notice of Administration is not a pleading within the meaning of this rule.
RULE 5.025. ADVERSARY PROCEEDINGS
(a) The following shall be deemed adversary proceedings:
(1) Proceedings to revoke a will, probate a lost or destroyed will, probate a later-discovered will, determine beneficiaries, construe a will, cancel a charitable bequest, partition property for the purposes of distribution, determine and award the elective share; and
(2) Any other proceeding which shall be determined by the court to be an adversary proceeding.
(b) In adversary proceedings:
(1) The moving party shall give formal notice to all interested persons.
(2) After service of formal notice, such proceedings as nearly as practicable shall be conducted similar to suits of a civil nature and the Rules of Civil Procedure shall govern, including entry of defaults.
(3) Such proceedings shall be conducted to a conclusion so as not to unduly delay the main administration of the estate or guardianship and when such main administration is being unduly delayed, the court, upon motion of any interested person in the estate or guardianship, may enter such reasonable orders as are necessary to prevent such undue delay.
(4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall thereafter be conducted as an adversary proceeding, but it shall not be necessary to recommence the proceeding.
Rule 5.025. Committee Notes:
1975 Revision: This is a new rule implementing FPC 731.107. See also FPC 733.-109(l)(b) and other specific provisions affecting adversary proceedings.
1977 Revision: Editorial change in rule.
RULE 5.030. ATTORNEYS
(a) The provisions of Fla.R.Civ.P. 1.030 relating to attorneys shall apply. An attorney of record will not be permitted to withdraw from a case unless his withdrawal is sanctioned by the court. He shall file his petition for withdrawal in the court setting forth his reasons therefor and shall serve a copy on his client and on any other interested person.
(b) Every guardian and every personal representative, unless the personal representative remains the sole interested party therein, shall be represented by an attorney admitted to practice in this state. If the guardian or personal representative is an attorney admitted to practice in this state, he may represent himself as guardian or personal representative.
Rule 5.030. Committee Notes:
1975 Revision: Subparagraph (a) is same as prior Fla.R.P. & G.P. 5.040 with added provision for withdrawal of attorney similar to Fla.App. Rule 2.3(d)(2). Subparagraph (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
RULE 5.040. NOTICE; METHOD AND TIME; PROOF
(a) Formal Notice.
*833 (1) When formal notice is required, the petitioner shall serve a copy of the petition or other pleading on any interested person or his attorney if he has appeared by an attorney or requested that notice be sent to his attorney, together with a notice requiring the person served to file his written defenses to that petition within 20 days after service of such formal notice, exclusive of the day of service, and to serve a copy on petitioner’s attorney, and notifying the person served that failure to file and serve written defenses within the time required may result in a judgment or order being entered in due course.
(2) If there is no written defense served on the petitioner within 20 days from the service of the petition, the petitioner shall be considered ex parte. If a written defense is served, a hearing shall be set and reasonable notice given.
(3) Formal notice shall be served:
a. By any form of mail requiring a signed receipt as follows:
1. On this attorney of record, if any, or to the post office address given in his demand for notice, if any;
2. On an individual other than an incompetent, by mailing a copy to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession;
3. On an incompetent person, by mailing a copy to the incompetent, to the person having custody of the incompetent, and to any legal guardian of the incompetent at their respective dwelling houses, usual places of abode or regular places of business or profession;
4. On a corporation by mailing a copy to the corporation at its last known address; or
b. As provided in Chapter 48, Florida Statutes; or
c. In the circumstances provided in Chapter 49, Florida Statutes, in the manner provided therein; or
d.By an elisor as may be provided in the Rules of Civil Procedure.
(4) If service is made under Chapters 48 or 49, Florida Statutes, then proof of service shall be made as provided therein.
(5) If service is made by mail, then proof of service shall be by affidavit of the person mailing service, and there shall be attached to such affidavit the signed receipt or other evidence satisfactory to the court that delivery was made to, or refused by, the addressee or his agent.
(b) Informal Notice.
(1) When informal notice of a petition or other proceeding is required or permitted, it shall be served on the person or his attorney as provided in the Rules of Civil Procedure relating to service of pleadings.
(2) Proof of service shall be made by filing an attorney’s certificate of service or by affidavit if filed by a person who is not a member of The Florida Bar.
(3) Unless otherwise specifically provided, informal notice of every petition or proceeding affecting property rights or interests shall be given to interested persons. The requirement for giving of informal notice may be specifically waived by will or by the court upon good cause shown.
(c) “Notice” shall mean informal notice unless formal notice is specifically provided for or required.
Rule 5.040. Committee Notes:
1975 Revision: Subparagraph (a) incorporates the provisions of FPC 731.301(l)(a)-(c) with editorial changes. The Committee considered that formal notice should require the filing and service of a written defense within 20 days after service, and the person served notified as to what might result should he fail to file and serve his defenses within the time required.
Subparagraph (b) incorporates the provisions of FPC 731.301(2) and 731.301(4). The Committee included the provisions for specific waiver of informal notice.
Subparagraph (c) reflects the definition in FPC 731.201(20).
*834 1977 Revision: To clarify requirement of service of notice and to authorize service by an elisor.
RULE 5.050. TRANSFER OF PROCEEDINGS
When any proceeding is filed laying venue in the wrong county, the court may transfer the action in the same manner as provided in the Rules of Civil Procedure. Any action taken by the court or the parties before the'transfer is not affected because of the improper venue.
Rule 5.050. Committee Notes:
1975 Revision: Same as FPC 733.101(3).
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(a) Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating therein his residence and post office address. When such person changes his residence or post office address, a new designation of such change shall be filed in the proceedings. A person filing such request, or address change, shall also deliver a copy thereof to the clerk, who shall forthwith mail it to the attorney of the personal representative or guardian, noting on the original the fact of mailing.
(b) A party filing a request shall be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is an interested person.
Rule 5.060. Committee Notes:
1975 Revision: This rule substantially incorporates the provisions of prior Fla.R.P. & G.P. 5.060 except that now a copy of the request shall be mailed by the clerk only to the attorney for the personal representative or guardian. Even though a request under this rule has not been made, informal notice as provided in Fla.R.P. & G.P. 5.040(b)(3) may still be required.
1977 Revision: Editorial and citation form change in committee note.
RULE 5.070. SUBPOENA
The provisions of Fla.R.Civ.P. 1.410 shall apply in probate and guardianship proceedings.
Rule 5.070. Committee Notes:
1975 Revision: Same as prior Fla.R.P. & G.P. 5.070.
1977 Revision: Citation form change in rule and committee note.
RULE 5.080. DEPOSITIONS AND DISCOVERY
(a) The following rules of civil procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, General Provisions Governing Discovery;
(2) Rule 1.310, Depositions Upon Oral Examination;
(3) Rule 1.320, Depositions Upon Written Questions;
(4) Rule 1.330, Use of Depositions in Court Proceedings;
(5) Rule 1.340, Interrogatories to Parties;
(6) Rule 1.350, Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes;
(7) Rule 1.360, Physical and Mental Examination of Persons;
(8) Rule 1.370, Requests for Admission;
(9) Rule 1.380, Failure to Make Discovery; Sanctions;
(10) Rule 1.390, Depositions of Expert Witnesses; and
(11) Rule 1.400, Deposition Deemed Published when Filed.
(b) In order to conserve the assets of the estate or the ward and the rights of the beneficiaries therein, the court has broad discretion to limit the scope of such examination and the place and manner of taking the same, and may assess the costs thereof *835 to the party taking the same or to one or more of the beneficiaries of the estate or the ward in such proportions as the court determines, considering, among other things, the benefit derived therefrom.
Rule 5.080. Committee Notes:
1975 Revision: This rule is the same as prior Fla.R.P. & G.P. 5.080, broadened to include guardianships, and is intended to clearly permit the use of discovery practices in non-adversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
RULE 5.090. ALLOCATION OF COSTS; EXPENSES; FEES AND COMMISSIONS
[Deleted]
Rule 5.090. Committee Notes:
1977 Revision: The entire rule has been deleted, as being substantive rather than procedural.
RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the Supreme Court as provided by Section 3, Article V of the State Constitution. Appeals provided by this rule, including the right to supersedeas, shall be governed by the Florida appellate rules.
Rule 5.100. Committee Notes:
1975 Revision: Same as prior Fla.R.P. & G.P. 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
RULE 5.110. RESIDENT AGENT
(a)Before letters are issued to a personal representative or a guardian, such personal representative or guardian shall file a designation of his place of residence, his post office address, and the name, place of residence, and post office address of a resident in the county where proceedings are pending, as his agent for the service of process or notice. The written acceptance of the person appointed shall also be filed. The designation and acceptance constitute the consent of the personal representative or guardian filing it that service of process or notice upon the designated agent shall be sufficient to bind the personal representative or guardian in any action against him, either in his representative capacity, or personally, if the personal action accrued in the administration of the estate or guardianship. The designation and acceptance may be incorporated in the petition for administration or for appointment of guardian if signed by the prospective personal representative or guardian, or in his oath. Corporate fiduciaries shall not be required to designate a resident agent.
(b) A member of The Florida Bar residing in Florida may be designated as the agent for service of process or notice, whether or not he is a resident of the county where the proceedings are pending.
(c) If the resident agent dies, resigns or is unable to act for any other reason, the personal representative or guardian shall appoint a successor agent within ten (10) days after he has notice that such event has occurred.
Rule 5.110. Committee Notes:
1977 Revision: Change in committee note to conform to statutory renumbering.
Implements FPC 733.401(l)(d) and is substantially the same as prior Fla.R.P. & G.P. 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
RULE 5.120. ADMINISTRATOR AD LI-TEM AND GUARDIAN AD LITEM
(a) When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and *836 there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing his own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incompetent person, an unborn or unascertained person, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests. The administrator ad litem or guardian ad litem shall file his oath to discharge his duties faithfully and upon the filing he shall be qualified to act. No process need be served upon him, but he shall appear and defend as directed by the court.
(b) The petition for appointment of guardian ad litem shall state to the best of petitioner’s information and belief:
(1) The name and residence address of each minor or incompetent and birth date of each minor who has an interest in the proceedings;
(2) The name and address of any guardian appointed for each minor or incompetent;
(3) The name and residence address of any living natural guardians or living natural guardian having legal custody of each minor or incompetent;
(4) A description of the interest in the proceedings of each minor or incompetent; and
(5) The facts showing the necessity for the appointment of a guardian ad litem.
(c) Within ten days after appointment, the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incompetent.
(d) The guárdian ad litem shall deliver or mail conformed copies of any written report or finding of his investigation and his answer filed in the proceedings, petition for compensation and discharge and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardian or the living natural guardian having legal custody of the minor or incompetent.
(e) Within ten days after appointment, the petitioner for an administrator ad litem shall deliver or mail conformed copies of the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.
(f) When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments. Execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected shall be paid to the personal representative or guardian, or as otherwise ordered by the court.
(g) The fact that the personal representative is seeking reimbursement for claims against the decedent paid by the personal representative does not require appointment of an administrator ad litem.
Rule 5.120. Committee Notes:
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements FPC 731.303(5), FPC 733.308, and FGL 744.391, and includes some of the provisions of prior Fla.R.P. & G.P. 5.230.
*837 RULE 5.150. ORDER REQUIRING ACCOUNTING
(a) When any personal representative or guardian fails or neglects to make a required accounting, the court shall order the personal representative or guardian to make such accounting within fifteen (15) days from the service upon him of such order, or show cause why he should not be compelled to do so. A copy of the order shall be served upon the personal representative or guardian. If the personal representative or guardian fails, neglects or refuses without good cause to file such accounting within the time specified by the order, the court shall issue an order forthwith directed to said personal representative or guardian to show cause why he should not be adjudged in contempt. If such personal representative or guardian fails to show just cause, the court may adjudge said personal representative or guardian to be in contempt of court, and he shall stand committed for contempt until he makes the accounting.
(b) Upon the application of any interested person, or upon its own motion, the court may require the personal representative to file an accounting and to make such settlements and distribution in whole or in part as is necessary for the proper administration of the estate.
Rule 5.150. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Implements FPC 733.901, and FGL 744.-431, and is substantially the same as prior Fla.R.P. & G.P. 5.330.
RULE 5.160. PRODUCTION OF ASSETS
Upon the petition of any interested person, or upon its own motion, the court may require any personal representative or guardian to produce satisfactory evidence that the assets of the estate are in his possession or under his control and may order production of such assets for the inspection of such interested person or the court.
Rule 5.160. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Implements FGL 744.434, broadened to include personal representatives and substantially the same as prior Fla.R.P. & G.P. 5.340.
RULE 5.170. EVIDENCE
In proceedings under the Florida Probate Code and the Florida Guardianship Law the rules of evidence in civil actions are applicable unless specifically changed by the law.
Rule 5.170. Committee Notes:
1977 Revision: This is a new rule. To delete substantive portions of the rule, extend application of procedural provisions to guardianships, and revise the committee note.
RULE 5.175. VIRTUAL AND OTHER REPRESENTATION
[Deleted]
Rule 5.175. Committee Notes:
1977 Revision: Entire rule deleted as being substantive rather than procedural.
RULE 5.180. NOTICE; WAIVER
A person, including a representative person and a guardian ad litem, administrator ad litem, guardian of the property or, if none, the natural guardian, personal representative, trustee, or other fiduciary, may waive formal notice, informal notice, service (including service of notice of administration) and give consent in writing on behalf of himself and the persons he represents to the extent there is no conflict of interest between him and the persons he represents.
Rule 5.180. Committee Notes:
1977 Revision: To extend right of waiver to natural guardian, clarify right to waive service of notice of administration and elim- *838 mate reference to deleted Fla.R.P. & G.P. 5.175. Additional statutory reference added to committee note.
Implements FPC 731.108, FPC 731.302, FPC 731.303, and FGL 744.106 and 744.-301(1).
PART II — PROBATE
RULE 5.190. DEFINITIONS
(а) When used in these rules, unless otherwise required by the context, or unless a contrary intent is expressly declared in the provision to be construed, the following mean:
(1) “Authenticated” when referring to copies of documents or judicial proceedings required to be filed with the court shall mean a certified or a copy authenticated according to § 1738 or 1741, Title 28, U.S.C.
(2) “Beneficiary” means heir-at-law in an intestate estate; devisee in a testate estate; and the owner of a beneficial interest in a trust. The term does not apply to an heir-at-law, devisee or owner of a beneficial interest in a trust after his interest in the estate or trust has been satisfied.
(3) “Certified Copy” means a copy of a document signed and verified as a true copy by the officer to whose custody the original is entrusted.
(4) “Claims” means liabilities of the decedent, whether arising in contract, in tort, or otherwise, and funeral expenses. The term does not include expenses of administration, estate, inheritance, succession or other death taxes.
(5) “Clerk” means the clerk or deputy clerk of the court.
(б) “Code” means the Florida Probate Code as amended from time to time.
(7) “Court” means the Circuit Court.
(8) “Curator” means a person appointed by the Court to take charge of the estate of a decedent until letters are issued.
(9) “Devise” when used as a noun, means a testamentary disposition of real or personal property and when used as a verb means to dispose of real or personal property by will. The term includes “gift,” “give,” “bequeath,” “bequest,” and “legacy.”
(10) “Devisee” means a person designated in a will to receive a devise. In the case of a devise to an existing trust or trustee, or to a trustee of a trust described by will, the trust or trustee is the devisee. The beneficiaries of the trust are not devisees.
(11) “Distributee” means a person who has received estate property from a personal representative other than as a creditor or purchaser. A testamentary trustee is a dis-tributee only to the extent of distributed assets or increments to them remaining in his hands. A beneficiary of a testamentary trust to whom the trustee has distributed property received from a personal representative is a distributee. For purposes of this provision, “testamentary trustee” includes a trustee to whom assets are transferred by will, to the extent of the devised assets.
(12) “Domicile” shall be a person’s usual place of dwelling and shall be synonymous with “residence.”
(13) “Estate” means property of a decedent that is the subject of administration.
(14) “File” means to file with the court or the clerk.
(15) “Foreign Personal Representative” means a personal representative of another state or foreign country.
(16) “Formal notice” means notice under Fla.R.P. & G.P. 5.040(a).
(17) “FPC” means the Florida Probate Code, as amended from time to time.
(18) “Heirs” or “heirs-at-law” means those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent.
(19) “Incompetent” means a minor or a person adjudicated incompetent.
(20) “Informal notice” means notice under Fla.R.P. & G.P. 5.040(b).
(21) “Interested person” means any person who may reasonably be expected to be affected by the outcome of the particular *839 proceeding involved. In any proceeding affecting the estate, or the rights of a beneficiary in the estate, the personal representative shall be deemed to be an interested person. The term does not include an heir-at-law or devisee who has received his distribution. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceeding.
(22) “Judge” means the judge of the circuit court, including any judge elected, appointed, substituted or assigned to serve as judge of the court.
(23) “Letters” means authority granted by the court to the personal representative to act on behalf of the estate of the decedent and as used in the rules refers to what has been known as letters testamentary and letters of administration. All letters shall be designated “Letters of Administration.”
(24) “Other State” means any state of the United States other than Florida and includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession subject to the legislative authority of the United States.
(25) “Personal Representative” means the fiduciary appointed by the court to administer the estate, and includes what has been known as an administrator, administrator cum testamento anexo, administrator de bonis non, ancillary administrator, ancillary executor, or executor to whom letters of administration have been issued.
(26) “Petition” means a written request to the court for an order.
(27) “Property” means both real and personal property or any interest in it and anything that may be the subject of ownership.
(28) “Residence” shall be a person’s usual place of dwelling and shall be synonymous with “domicile.”
(29) “Trustee” includes an original, additional, surviving, or successor trustee, whether or not appointed or confirmed by court.
(30)“Will” includes a codicil and is an instrument executed by a person in the manner prescribed by the Code and disposing of his property on or after his death including merely appointing a personal representative or revoking or revising another will.
Rule 5.190. Committee Notes:
1975 Revision: These definitions are intended to simplify application of these rules. See also definitions in FPC 731.201.
1977 Revision: Editorial change in rule.
RULE 5.200. PETITION FOR ADMINISTRATION
(a) A verified petition for administration may be filed by any interested person.
(b) The petition for administration shall contain:
(1) A statement of the interest' of the petitioner, his name and address, and the name and office address of his attorney.
(2) The name, last known address, date and place of death of the decedent, and the state and county of the decedent’s domicile.
(3) So far as is known, the names and addresses of the beneficiaries and their relationship to the decedent and the date of birth of any who are minors.
(4) A statement showing venue.
(5) The priority under the code of the person whose appointment as the personal representative is sought and a statement that he is qualified to serve under the laws of Florida.
(6) If the decedent was a non-resident of this state, the petition shall state whether domiciliary or principal proceedings are pending in another state or country, if known, and the name and address of the foreign personal representative and the court issuing letters.
(7) A statement of the approximate value and nature of the assets so the clerk can ascertain the amount of the filing fee and the court can determine the amount of any bond.
*840 (8) In an intestate estate, the petition shall state that after the exercise of reasonable diligence the petitioner is unaware of any unrevoked wills or codicils, or if the petitioner is aware of any unrevoked wills or codicils the petition shall state why the wills or codicils are not being probated, or otherwise given the facts concerning any such will or codicil.
(9) In a testate estate, the petition shall identify all unrevoked wills and codicils being presented for probate, and shall state that the petitioner is unaware of any other unrevoked will or codicil or, if the petitioner is aware of any other unrevoked wills or codicils, the petitioner shall state why the other wills or codicils are not being probated.
(10) In a testate estate the petition shall state that the original of the decedent’s last will is in the possession of the court or accompanies the petition, or that an authenticated copy of a will probated in another jurisdiction accompanies the petition.
Rule 5.200. Committee Notes:
1977 Revision: Addition to (b)(5) to require an affirmative statement that the person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as FPC 733.202, and implementing FPC 733.301 through 733.305.
RULE 5.210. PROOF OF WILLS
(a) Wills may be admitted to probate upon the oath of any attesting witness taken' before any circuit judge or any clerk or before a commissioner appointed by the court.
(b) If it appears to the court that the attesting witnesses cannot be found or that after execution of the will they have become incompetent or their testimony cannot be obtained within a reasonable time, a will may be admitted to probate upon the oath of the personal representative nominated in the will as provided in subsection (a) whether or not he is interested in the estate, or of any person having no interest in the estate under the will, that he believes the writing exhibited to be the true last will of the decedent.
(c) Self-proved wills executed in accordance with the code may be admitted to probate without further proof.
(d) Any circuit judge or clerk in Florida may take the oath of a witness to a will in proof of the attestation of that witness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.
Rule 5.210. Committee Notes:
1975 Revision: Substantially the same as FPC 733.201 with subparagraph (d) added to permit proof of will without issuance of commission.
1977 Revision: Unchanged.
RULE 5.230. COMMISSION TO PROVE WILL
(a) If any will is produced for probate and no witness attesting it can appear before the court without inconvenience, the court may issue a commission, directed to any person who is authorized to administer an oath by the laws of the state or country where such witness may be found, empowering the commissioner to take proof of the attestation of the witness and to certify the proof. No oath of the commissioner is required.
(b) If the person to whom the commission is directed certifies that the witness personally appeared and made written oath or affirmation (the written oath or affirmation to be attached to said certificate) as to the execution by the testator of the will, the original or photographic copy of which is attached to the commission, the oath or affirmation has the same operation and effect as if the written oath or affirmation had been made in the court issuing the commission.
Rule 5.230. Committee Notes:
1975 Revision: Substantially the same as prior Fla.R.P. & G.P. 5.130(a) and (b) and *841 carries forward prior procedures as to a matter upon which FPC is silent.
1977 Revision: Citation form change in committee note.
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Upon issuance of letters the personal representative shall publish a notice of administration and serve a copy of the notice on the surviving spouse and all beneficiaries known to the personal representative according to the requirements of Fla.R.P. & G.P. 5.040(a) who have not been barred by FPC 733.2123 or other provisions of the code. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and his attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) All claims against the estate.
(2) Any objection by an interested person upon whom notice was served that challenges the validity of the will, qualifications of the personal representative, venue or jurisdiction of the court.
(b) Publication shall be once a week for two consecutive weeks, two publications being sufficient, in a newspaper published in the county where the estate is administered, or if there is no newspaper published in the county, in a newspaper of general circulation in that county. Proof of publication shall be filed.
Rule 5.240. Committee Notes:
1977 Revision: Change in (a) of the rule and in the committee note to conform to statutory renumbering. Former subsection (c)is deleted, as being substantive rather than procedural.
Substantially the same as and procedurally carries out intent of FPC 733.212.
RULE 5.260. CAVEAT; PROCEEDINGS
(a)If any creditor of the estate of a decedent is apprehensive that the estate will be administered without his knowledge, or if any person other than a creditor is apprehensive that an estate may be administered or that a will may be admitted to probate without his knowledge, he may file a caveat with the court.
(b) No caveat shall be effective unless it contains a statement of the interest of the caveator in the estate, the name and specific mailing address and residence address of the caveator.
(c) If the caveator is not a resident of the county in which the caveat is filed, he shall file a designation of the name and specific mailing address and residence address of a resident in the county where the caveat is filed as his agent for service of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator.
(d) If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued on such estate, the clerk shall forthwith notify the caveator in writing, advising him of the date of issuance of letters, and the names and addresses of the personal representative of the estate and his attorney. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify such caveator, in writing, advising him of the date of issuance of letters and the names and addresses of the personal representative and his attorney, unless notice has previously been served on such caveator. Copy of any notice required to be given by the clerk herein, together with a certificate of the mailing of the original thereof, shall be filed in the estate proceedings.
(e) After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate without service of notice on the caveator or his designated agent according to Fla.R.P. & G.P. 5.040 and compliance with FPC 733.2123.
*842 (f) The caveator other than a creditor in his answer shall state his interest in the estate and facts constituting the ground on which he opposes the probate of the will; and on the issue made and proof adduced, the court shall probate the will or deny probate thereof.
Rule 5.260. Committee Notes:
1977 Revision: Change in (e) to conform to statutory renumbering.
In implementing FPC 731.110 and 733.-203(1), the rule carries forward the pertinent portions of prior Fla.R.P. & G.P. 5.150 and establishes a procedure to be followed upon the filing of any caveat.
RULE 5.270. REVOCATION OF PROBATE
(a) A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds upon which revocation is demanded.
(b) Proceedings shall follow the requirements of Fla.R.P. & G.P. 5.025.
(c) Any person interested in the estate may appear and prosecute or defend as a party.
(d) Pending the determination of any issue made for revocation of probate, the personal representative shall administer the estate as if no such issue had been made, but no distribution may be made to devisees in contravention of the rights of those who, but for such will, would be entitled to the property disposed of thereby.
Rule 5.270. Committee Notes:
1975 Revision: Substantially the same as FPC 733.109(l)(a)-(b) and 733.109(2) and carries forward material portions of former Fla.R.P. & G.P. 5.160.
1977 Revision: Citation form change in rule and committee note.
RULE 5.280. PROBATE OF WILL WRITTEN IN FOREIGN LANGUAGE
(a)The petition for probate of a will written in a foreign language shall contain or have attached a true and complete English translation of the will. No probate of any will written in a foreign language shall be granted without notice to all interested persons including the surviving spouse and heirs at law of the testator and all beneficiaries under the will.
(b) If the original will is not or cannot be filed, a photographic copy of the original will shall be filed with the petition.
(c) Upon the probate of such a will, the court shall establish the correct English translation in its order admitting the will to probate. Any interested person may any time during the administration of the estate, by petition and after formal notice to all interested persons, have the correctness of the translation or any portion thereof redetermined. No personal representative shall be held responsible for compliance in good faith with the English translation of the will as established by the court at time of such action.
Rule 5.280. Committee Notes:
1977 Revision: Change in (c) to conform to statute.
Implements FPC 733.204 and subpara-graphs (a) and (c) are substantially same as prior Fla.R.P. & G.P. 5.170.
RULE 5.290. PROBATE OF NOTARIAL WILL
(a) When a copy of a notarial will in the possession of a notary entitled to the custody thereof, in a foreign state or country (the laws of which require that the will remain in the custody of such notary), duly authenticated by the notary, whose official position, signature and seal of office are further authenticated as provided by the Acts of Congress, or by an American consul, vice-consul or other American consular officer within whose jurisdiction the notary is a resident, is presented to the court, it may be admitted to probate if the original might have been admitted to probate in this state.
(b) The authenticated copy of the will shall be prima facie evidence of its execu *843 tion and of the facts stated in the certificate in compliance with the preceding subsection.
(c) Any interested person may oppose the probate of such notarial will or may petition for revocation of probate of such notarial will as in the case of the original probate of a will in this state. All proceedings in connection with any such notarial will shall be similar to proceedings in connection with wills originally probated in this state.
Rule 5.290. Committee Notes:
1975 Revision: Substantially same as FPC 733.205.
1977 Revision: Unchanged.
RULE 5.310. DISQUALIFICATION OF PERSONAL REPRESENTATIVE; NOTIFICATION
Any personal representative who was improperly qualified or who becomes disqualified to act after his appointment shall immediately present a petition to the court for appropriate action and shall do any and all other things necessary or proper to procure an order approving his resignation.
Rule 5.310. Committee Notes:
1975 Revision: This is same as old Fla. R.P. & G.P. 5.220 and old F.S. 732.47(3). The rule sets forth the imperative need for timely action and the inherent responsibility of a fiduciary to effect orderly succession. It further implies the inherent jurisdiction of the court to control by judicial overview the succession.
Statutory References:
FPC 733.302 Who May Be Appointed.
FPC 733.303 Persons Not Qualified.
FPC 733.502 Resignation.
FPC 733.504 Causes For Removal.
FPC 733.505 Jurisdiction.
1977 Revision: Citation form change in committee note.
RULE 5.320. OATH OF PERSONAL REPRESENTATIVE
Before the granting of letters of administration, the personal representative shall file an oath that he will faithfully administer the estate of the decedent. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent.
Rule 5.320. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
This rule establishes the uniform requirement for an oath of faithful performance of fiduciary duties within the permissiveness of FPC 733.401(l)(d). Should be taken together with new Fla.R.P. & G.P. 5.110, Resident Agent.
Statutory References:
FPC 733.401(l)(d) sets forth: “(d) Any required oath or designation of and acceptance by a resident agent shall be filed.”
OLD RULE: Same as old Fla.R.P. & G.P. 5.240 except reference to resident agent added.
RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
(а) Notwithstanding any other provisions of these rules, the personal representative shall sign the:
(1) Inventory;
(2) Accountings;
(3) Petition for sale or confirmation of sale or encumbrance of real or personal property;
(4) Petition to continue business of decedent;
(5) Petition to compromise or settle claim;
(б) Petition to purchase on credit;
(7) Petition for distribution and discharge; and
(8) Resignation of personal representative.
Rule 5.330. Committee Notes:
1975 Revision: Where the jurisdiction of the court is invoked voluntarily pursuant to *844 FPC 733.603, or otherwise, the rule requires that the personal representative have actual knowledge of the more important steps and acts of administration.
Statutory References:
As to:
(1) FPC 733.604 (Inventory).
(2) FPC 733.901 (Accounting).
(3) FPC 733.613 (Sale or Confirmation).
(4) FPC 733.612(22) (Business).
(5) FPC 733.612(24) (Claims).
(6) FPC 733.612(5) (Purchase On Credit).
(7) FPC 733.612(24) (Distribution and
Discharge).
(8) FPC 733.502 (Resignation).
See also FPC 733.609 (Breach of Duty).
OLD RULE: Same as old Fla.R.P. & G.P. 5.241.
1977 Revision: Citation form change in committee note.
RULE 5.340. INVENTORY
(a) Within sixty (60) days after issuance of letters, a personal representative who is not a curator or a successor to another personal representative who has previously discharged the duty, shall file an inventory of the property of the estate listing it with reasonable detail, and including for each listed item its estimated fair market value at the date of decedent’s death. Homestead real property shall be so designated. Real property located in Florida and personal property wherever situated of a decedent who is domiciled within this state shall be inventoried, if known. Real and personal property within this state owned by a decedent who is domiciled outside of this state shall be inventoried.
(b) Time for filing inventory may be extended by the court.
(c) Within the time allowed for filing the inventory, the personal representative shall send a copy of the inventory to all interested persons who have requested it in writing.
(d) If any property not included in the original inventory comes to the knowledge of a personal representative, or if the personal representative learns that the estimated value or description indicated in the original inventory for any item is erroneous or misleading, he shall file a supplementary inventory showing the estimated value at the date of the decedent’s death of the new item or the revised estimated value or description, and furnish copies in accordance with paragraph (c) of this rule.
Rule 5.340. Committee Notes:
1975 Revision: Orderly administration of an estate requires proper inventory of all assets at an early date.
Rights to abbreviated administration procedures can be determined only after proper inventory. Assignment of Homestead carries out the constitutional provision, puts all interested persons on notice, and aids real property title research.
Changes in sub (c) provide for timely notice to interested persons who have given written notice of their interest and request. Statutory References:
As to:
(a) First sentence tracks FPC 733.-604(1). Second sentence relates to FPC 732.4015, Homestead, and determination of right to family administrations under FPC 735.101 or duty to fully administer.
(b) Sets forth the inherent power of the court.
(c) Tracks FPC 733.604(2) except to provide time requirement and provide for request “in writing.”
(d) Tracks FPC 733.606.
1977 Revision: Unchanged.
RULE 5.345. ELECTION OF FISCAL YEAR; INTERIM ACCOUNTINGS; OBJECTIONS TO INTERIM ACCOUNTINGS
(a) The personal representative may select a fiscal year.
(b) The personal representative may elect to file an interim accounting at any time. The interim accounting shall contain a full and correct account of all the receipts and *845 disbursements of the estate since the date of the last accounting, and if none, from the commencement of administration, and shall include a statement of the assets of the estate at the end of the accounting period. Real estate need not be specifically described, but shall be identified as to nature and location.
(c) Substantiating papers need not be filed with the interim accountings, but shall be available for inspection when the court or any interested person requests.
(d) The personal representative shall serve notice of the filing and a copy of the interim accounting on all interested persons. The notice shall state that it is an application for the approval of the accounting and shall notify the person served that any objection to the accounting or any item thereof, must be filed in writing within 30 days after service of notice or the interim accounting shall be approved as filed.
(e) Any interested person may file an objection in writing to the interim accounting or any item thereof within 30 days after the notice of filing is served upon him in accordance with subsection (d).
(f) After the expiration of the time for filing of objections, if objections to the interim accounting have been timely filed, the personal representative or the objecting party may apply to the court for a hearing thereon upon reasonable notice to all interested persons.
(g) If no objection is timely filed to an interim accounting, the accounting shall be deemed approved as filed and thereafter not subject to objection by any interested person.
Rule 5.345. Committee Notes:
1977 Revision: Change in (a) of rule to authorize selection of fiscal year without unnecessary requirements and change in committee note to eliminate (f) in statutory reference to conform to statutory renumbering.
FPC 733.901 sets forth the legislative intent that interim accountings may be filed. The rule provides for the same conditions as with final accountings.
Notwithstanding the 12 month rule, a fiscal year election may be prudent for tax reasons.
Should interim accounts be filed, the rule provides the due process inherent in the statute for such accountings.
Statutory References:
FPC 733.901(1) sets forth the requirement for filing the final accounting within 12 months, effectively placing all estates on a fiscal year for administration purposes.
FPC 733.901(l)(a) clearly implies periodic accountings may be rendered.
The rule carries forth the filing, notice, time for objection, and approval of interim accountings provisions of FPC 733.901 for final accounts.
RULE 5.350. CONTINUANCE OF BUSINESS OF DECEDENT
(a) When the personal representative is not specifically granted the power by will to continue any unincorporated business or venture in which the decedent was engaged at the time of his death, the personal representative may continue such business or venture in the same business form for such reasonable period of time, in addition to that which may be authorized by the code, as may be approved by order of the court.
(b) Before an order is made under paragraph (a), the personal representative shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the estate to continue such business or venture.
(c) The order authorizing the continuance of the business or venture may empower the personal representative to make contracts necessary to conduct the business or venture and incur debts and pay out money in the proper conduct of such business or venture, and the net profits of such business or venture shall be added to the assets of the estate from time to time.
(d) In the conduct of the business or venture, the personal representative shall *846 keep full and accurate accounts of all receipts and expenditures and make reports as the court may require.
(e) Any interested person, at any time, may petition the court for an order requiring the personal representative to discontinue and to wind up the business or venture, and the court, after notice to the personal representative, shall enter such order as is in the best interest of the estate.
Rule 5.350. Committee Notes:
1975 Revision: The rule carries forth the philosophy of the new probate code and sets forth the court’s implied power to extend the statutory authority in FPC 733.612 to the business operation.
Statutory References:
FPC 733.612(22).
As to:
(a) FPC 733.612(22)(a) & (b).
(b), (c), (d), & (e) No specific statutory reference, except to carry philosophy of FPC 733.612 in its entirety into an on going business operation.
1977 Revision: Editorial change in committee note.
RULE 5.360. DUTY TO PAY ELECTIVE SHARE
(a) The personal representative shall pay to an electing spouse the amount of the elective share only pursuant to an order of the court or upon stipulation of all interested persons.
(b) The personal representative shall file a petition to determine the amount of the elective share and formal notice shall be served upon all interested persons who do not join in the proceedings.
(c) If the personal representative fails to file the petition, the electing spouse may file such petition specifying as particularly as is known the value of the elective share. Formal notice shall be served upon the personal representative and all interested persons who do not join in the proceedings.
(d) On any such petition, the right to the elective share, the amount thereof, and the date or dates of distribution shall be included in the judgment.
(e)The widow may also file an extraordinary petition for assignment of dower in the court of any county or counties where any lands lie which her husband had conveyed in which she had not relinquished her right of dower prior to October 1, 1973. Formal notice shall be served upon all persons adversely interested. Proceedings therein shall be as similar as possible to those for the ordinary assignment of dower.
Rule 5.360. Committee Notes:
1977 Revision: No change in rule. To expand committee note.
Following exercise of right to elective share under statute FPC 732.201 et seq. Rule provides for procedure to determine and set aside assets which qualify. Subsection (e) is to provide a procedure for assignment of dower where the right to dower is not barred by statute.
Statutory References:
FPC 732.213, 732.214.
RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a) When authorization or confirmation of the sale of real property is required by the code, application shall be made by verified petition of the personal representative setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of such sale.
(b) Except where interested persons have joined in the petition for the sale of real property, or have consented to the sale, notice of the petition shall be given. No bona fide purchaser shall be required to examine any proceedings prior to the order of sale.
(c) After the hearing upon the petition, if the sale is authorized or confirmed, the order shall describe the real property, and, if the property is authorized to be sold at private sale, shall fix the price and the terms of the sale. A certified copy of such *847 order relating to the real property may be recorded in each county where the real property, or any part thereof, is situated. An order authorizing a sale may provide for the public or private sale of the real property described therein, in parcels or as a whole. If public sale is ordered, the personal representative shall give such notice as the order requires.
(d) In any event, the sale shall be final for all purposes upon the confirmation or authorization of the sale or the closing, whichever is later.
Rule 5.370. Committee Notes:
1975 Revision: Sub (a) and (b) track the statute [§ 733.613, Fla.Stat. (1975)]. Sub (c) incorporates the petition content requirement into the order rendering it a recordable title document. Sub (d) establishes for title purposes and for finality, when a sale is final.
Statutory References:
As to:
(a) FPC 733.613(1).
(b) FPC 733.613(1).
(c) Implied by 733.613(1).
(d) None.
1977 Revision: Citation form change in committee note.
RULE 5.380. PROCEEDINGS FOR COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTEREST
(a)Before final distribution no personal representative shall be compelled to pay, prior to the final settlement of his accounts, a devise in money, or to deliver specific personal property devised, that may have come into his hands unless the personal property is exempt personal property, or to pay all or any part of a distributive share in the personal estate of a decedent, or to surrender land to any beneficiary, unless the beneficiary files a petition setting forth the facts that entitle him to relief and stating that the property will not be required for the payment of debts, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges and expenses of administration, or for providing funds for contribution or enforcing equalization in case of advancements.
(b) An order directing the surrender of real property or the delivery of personal property shall describe the property to be surrendered or delivered.
(c) If the administration of the estate has not been completed before the entry of order of partial distribution, the court may require the person entitled to distribution to give a bond with sureties as prescribed in Section 45.011, Florida Statutes, conditioned to make due contribution for the payment of devises, family allowance, spouse’s elective share, estate and inheritance taxes, claims, charges, expenses of administration and equalization in case of advancements, plus interest, if any, on them.
Rule 5.380. Committee Notes:
1975 Revision: This rule is substantially the same as FPC 733.802 except for the inclusion of “spouse’s elective share” which is set forth in FPC 733.802(3). Should distribution be made without consideration of this elective share, substantial rights may be affected.
Statutory References:
FPC 733.802.
1977 Revision: Unchanged.
RULE 5.390. PARTITION FOR PURPOSE OF DISTRIBUTION
When two or more heirs or devisees are entitled to distribution of undivided interests in any property, the personal representative or one or more of the beneficiaries may petition the court before closing the estate to make partition. After formal notice to the interested beneficiaries, the court shall partition the property in the same manner as provided by law for civil actions of partition. The court may direct the personal representative to sell any property that cannot be partitioned without prejudice to the owners and that cannot conveniently be allotted to any one party.
*848 Rule 5.390. Committee Notes:
1975 Revision: Tracks exactly FPC 733.-814.
1977 Revision: Unchanged.
RULE 5.400. DISTRIBUTION; FINAL DISCHARGE
(a) When a personal representative has completed administration except for distribution, he shall file a final accounting and a petition for discharge providing the following:
(1) A complete accounting of all receipts and disbursements since the date of the last accounting, and if none, from the commencement of administration.
(2) A statement that he has fully administered the estate by making payment, settlement or other disposition of all claims that were presented, and has provided for payment of taxes and expenses of administration.
(3) The amount of compensation either paid or to be paid to the personal representatives, attorneys, accountants, appraisers or other agénts employed by the personal representative.
(4) A schedule of any prior distributions.
(5) The proposed distribution of the remaining assets.
(6) A statement that objections to the accounting, the compensation paid or proposed to be paid or proposed distribution of assets must be filed within 30 days from the date of service.
(b) The final accounting and petition for discharge shall be filed and served on all interested persons within 12 months after issuance of letters unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(c) If no objection to the final accounting, to the compensation, or to the petition for discharge has been filed within 30 days from the date of service of copies on interested persons, the personal representative may distribute the estate according to the plan of distribution set forth in the petition without a court order. Upon receipt of evidence that the estate has been properly distributed and that claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(d) If an objection is made to:
(1) The amount or necessity of any compensation paid or proposed,
(2) The final accounting, or
(3) The petition for discharge, within the time allowed, the court upon reasonable notice to all interested persons shall sustain or overrule any objections to the accounting and petition for discharge, determine the amount of any compensation objected to and fix the plan of distribution. Upon receipt of evidence that the estate has been distributed according to the plan determined by the court and that claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(e) The 30 day period in subsection (c) may be waived upon written consent of all interested persons.
(f) The personal representative may, before making distribution, retain from the funds in his hands a sufficient amount to pay the expenses accruing prior to discharge.
(g) Filing the final accounting may be waived upon written consent of all interested persons.
(h) When the interest of a minor heir or beneficiary does not exceed the amount authorized by Florida law to be received by his natural guardian, the natural guardian may waive the 30 day period and the accounting on behalf of such minor heir or beneficiary.
(i) In the absence of a conflict of interest, trustees, guardians, and personal representatives may give waivers on behalf of the beneficiaries of trusts, wards, and beneficiaries of estates.
*849 Rule 5.400. Committee Notes:
1977 Revision: This is a new rule.
This rule is intended to fully comply with the provision of Section 733.617, Florida Statutes (1975). Its disclosure provisions are in accordance with the philosophy of the Probate Code to keep all interested parties fully informed.
RULE 5.410. EXEMPT ESTATES
At any time during the course of administration, if it appears that the estate consists of no more than the homestead and exempt personal property of the decedent, the court may order the distribution of said estate to the persons entitled to receive it, and upon said distribution may discharge the personal representative.
Rule 5.410. Committee Notes:
1975 Revision: This is a practical rule that allows the court, at any time during proceedings, to terminate the probate where the only remaining assets are not subject to probate or to claims or expenses of administration. Under FPC 735.301, if “no administration shall be required” on such property, the court has the inherent right to terminate an estate consisting only of such property.
1977 Revision: Unchanged.
RULE 5.420. DISPOSITION WITHOUT ADMINISTRATION
(a) No administration shall be required or formal proceedings instituted upon the estate of a decedent leaving only personal property the entire value of which does not exceed exempt property, preferred funeral expenses and reasonable and necessary medical and hospital expenses of the last 60 days of the last illness.
(b) Upon informal application by affidavit, letter or otherwise by any interested party and if the court is satisfied that subsection (a) above is appropriate, the court, by letter or other writing under the seal of the court, may authorize the payment, transfer or disposition of the personal property, tangible or intangible, belonging to the decedent to those persons entitled.
(c)Upon request, the clerk shall assist in the preparation of a printed form in the application for disposition of personal property without administration.
Rule 5.420. Committee Notes:
1977 Revision: Subparagraphs (a) and (b) track completely FPC 735.301, as to disposition without administration. Section 735.-301, Florida Statutes (1975), states: “Any person, firm or corporation paying, delivering or transferring property under the authorization shall be forever discharged from any liability thereon.” These provisions are set forth in the rules to give the practitioner and the court an immediate reference to all rules relating to distribution and discharge.
New paragraph designated as (c) is added to permit the clerk to perform limited ministerial acts in the completion of the application. This paragraph is similar in operation to Fla.R.Summ.P. 7.050(c).
RULE 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
(a) Any personal representative may resign and be relieved of his office provided that he files his application therefor, with notice to all interested persons, including the surety or sureties on the bond, if any. Before relieving the personal representative from his duties and obligations, the court shall require him to file a true and correct account of his administration and to pay over and deliver to his successor or to his joint-personal representative all of the property of the decedent and his estate and all records concerning the estate. The acceptance of such resignation shall not exonerate any personal representative or his surety from liability previously incurred.
(b) When a sole personal representative resigns, a successor must be appointed and duly qualified before a personal representative is relieved of his duties and obligations.
*850 Rule 5.430. Committee Notes:
1975 Revision: The rule provides for the orderly succession of personal representatives in the event a personal representative resigns or is removed.
Statutory References:
FPC 733.502 as to sub (a).
FPC 733.503 as to sub (b).
1977 Revision: Editorial change in committee note.
RULE 5.440. PROCEEDINGS FOR REMOVAL.
(a) Proceedings for removal of the personal representative may be commenced by the court or any interested person or joint-personal representative. Such notice shall be given to the personal representative as the court may direct. Upon hearing, the court may enter such order as it deems proper.
(b) A removed personal representative shall file an accurate, complete and final account of his administration within 30 days after his removal, unless for good cause shown the time is extended by the court.
(c) The removed personal representative shall deliver to the remaining or successor personal representative all of the property of the decedent and his estate and all records concerning the estate.
(d) If a removed personal representative fails or refuses to file an accurate, complete and final account of his administration, or fails to turn over to his successor all of the property of the decedent and his estate and all records concerning the estate, the court shall order the removed personal representative to comply within ten days after service of a copy of the order. If he fails or neglects to comply within the time required, the court may commit such removed personal representative until he complies. If sufficient cause is shown for the default, the court shall prescribe a reasonable time within which to comply and upon failure of the removed personal representative to comply with this or any subsequent like order, the court may commit him until he does comply.
(e) Proceedings for the commitment of such defaulting personal representative may be instituted by the court or any interested person or joint-personal representative.
(f) If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed personal representative and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Rule 5.440. Committee Notes:
1975 Revision: To set forth the orderly procedure for accounting and transfer of assets in a removal of a personal representative.
The contempt procedure follows prevailing practice and assures due process. Contempt proceedings are a necessary power of the court to enforce its orders.
Statutory References:
As to:
Sub (a) FPC 733.506.
Sub (b) FPC 733.508.
Sub (c) FPC 733.509.
Sub (d), (e), & (f) Case law relating to “Contempt” in general. See 6 Fla.Jur. Contempt § 7 (1956) (Acts Constituting Contempt, In General).
OLD RULE 5.390 with minor change.
1977 Revision: Citation form change in committee note.
RULE 5.450. ADMINISTRATION FOLLOWING DEATH; RESIGNATION OR REMOVAL
When a personal representative of a decedent dies, resigns or is removed for any cause and there is a remaining personal representative, no other shall be appointed unless the will otherwise directs, and the remaining personal representative shall *851 complete the administration of the estate. If a sole personal representative dies, resigns or is removed, the court shall appoint a successor. A bond shall be required as in the case of an original administration, the condition of the bond being modified to suit the nature of the case.
Rule 5.450. Committee Notes:
1975 Revision: The rule brings together various statutes relating to succession and representation of estates.
Bond requirements can be modified by the court pursuant to FPC 733.403 to the extent of waiving the requirement.
Statutory References:
FPC 733.307, Succession of Administration.
FPC 733.507, Administration Following Removal.
FPC 733.403, Amount Of Bond.
FPC 733.402, When Required.
OLD RULE: Fla.R.P. & G.P. 5.400.
1977 Revision: Citation form change in committee note.
RULE 5.460. SUBSEQUENT ADMINISTRATION
The final settlement of an estate and the discharge of the personal representative shall not prevent a revocation of the order of discharge or the subsequent issuance of letters if other property of the estate is discovered or if it becomes necessary that further administration of the estate be had for any cause.
Rule 5.460. Committee Notes:
1975 Revision: Tracks FPC 733.903, re subsequent administration.
Statutory References:
FPC 733.903, Subsequent Administration.
OLD RULE: Substantially the same as Fla.R.P. & G.P. 5.440.
1977 Revision: Citation form change in committee note.
RULE 5.470. ANCILLARY ADMINISTRATION
(a) To entitle the applicant to ancillary letters, an authenticated copy of so much of the domiciliary proceedings shall be filed as will show either:
(1) The will, petition for probate, order admitting the will to probate and letters if there are such; or
(2) The petition for letters and letters of administration.
(b) On filing the authenticated copy of a probated will, the court shall determine if the will complies with Florida law so as to entitle it to probate. If it does comply, the court shall admit the will to probate.
(c) The ancillary personal representative shall give bond as personal representatives generally. All proceedings for appointment and administration of the estate shall be as similar to those in original administrations as possible.
(d) After payment of all expenses of administration and claims against the estate, the court may order the remaining property held by the ancillary personal representative transferred to the domiciliary personal representative or distributed to the heirs or devisees.
Rule 5.470. Committee Notes:
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
The inclusion of “letters of administration” is to give proof to the court that domiciliary letters issued and the proceeding is genuinely ancillary in nature.
Statutory References:
FPC 734.102(2), (3), (4), & (5). Ancillary Administration.
OLD RULE: Substantially the same as Fla.R.P. & G.P. 5.450.
STATUTORY CONFLICT: Statute does not require letters of administration as does sub (a)(2).
1977 Revision: Citation form change in committee note.
*852 RULE 5.480. FORM; FILING; RECORDING AND SERVICE OF DISCLAIMER INSTRUMENTS
[Deleted]
Rule 5.480. Committee Notes:
1977 Revision: The entire rule has been deleted, as being substantive rather than procedural.
RULE 5.490. FORM AND MANNER OF PRESENTING CLAIM
A creditor shall file with the clerk a verified statement of the claim indicating its basis, the name and address of the creditor or his agent or attorney, and the amount claimed. The claim is presented when filed. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliqui-dated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, or the due date of a claim not yet due does not invalidate the presentation made. A creditor shall also deliver a copy of the claim to the clerk who shall furnish the copy to the personal representative and note the fact on the original. In the event there is more than one personal representative, the personal representatives or their attorneys may designate the person to receive such copy. If no such designation is made, the corporate personal representative, if there is one, shall receive the copy, and if none, the personal representative first named in the letters shall receive the copy. Failure to deliver or receive a copy of the claim shall not affect the validity of the claim.
Rule 5.490. Committee Notes:
1975 Revision: To set forth the claims procedure to be followed and to clarify the matter of delivery of copies where there are multiple personal representatives, or the attorney of record desires to accept such delivery.
Statutory References:
FPC 733.703. See also FPC 731.111.
1977 Revision: Unchanged.
RULE 5.500. PROBATE OF WILL OF RESIDENT AFTER FOREIGN PROBATE
(a) If a will of any person who dies a resident of this state is admitted to probate in any other state or country before probate in this state, through inadvertence, error or omission, the will may be admitted to probate in this state if the original could have been admitted to probate in this state.
(b) An authenticated copy of the will, foreign proof of the will, foreign order of probate and any letters issued thereon shall be filed instead of the original will and shall be prima facie evidence of its execution and admission to foreign probate.
(c) Any interested person may oppose the probate of the will or may petition for the revocation of the probate of the will as in the case of the original probate of the will in this state.
Rule 5.500. Committee Notes:
1975 Revision: Same as FPC 733.206 with editorial changes.
1977 Revision: Unchanged.
RULE 5.510. ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL
(a) The establishment and probate of a lost or destroyed will shall be in one proceeding. The court shall recite, and thereby establish and preserve, the full and precise terms and provisions of the will in the order admitting it to probate.
(b) The petition for probate of a lost or destroyed will shall contain a copy of the will or its substance. The testimony of each witness must be reduced to writing and filed, and shall be evidence in any contest of the will if the witness has died or moved from the state.
(c) No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby *853 devised. The content of the will must be clearly and distinctly proved by the testimony of two disinterested witnesses or, if a correct copy is provided, it shall be proved by one disinterested witness.
Rule 5.510. Committee Notes:
1975 Revision: Same as FPC 733.207 with editorial changes.
1977 Revision: Editorial change in sub (c).
RULE 5.520. PETITION FOR FAMILY ADMINISTRATION
(а) A petition for family administration shall contain, in addition to the statements required by Rule 5.200, the following:
(1) In an intestate estate that the heirs at law of the decedent consist solely of a surviving spouse, lineal descendants, lineal ascendants or any of them;
(2) In a testate estate that the beneficiaries under the will consist of a surviving spouse or lineal descendants, lineal ascendants or any of them, and that any specific or general devise to others constitutes a minor part of the decedent’s estate;
(3) That the value of the gross estate, as of the date of death, is less than $60,000.00 for federal estate tax purposes;
(4) That the entire estate consists of personal property or, if real property forms part of the estate, that administration under the Code has proceeded to the point that all claims of creditors have been processed or barred;
(5) That the decedent’s will, if one exists, does not direct administration as required by Chapter 733 of the Code;
(б) A complete list of the assets of the gross estate for federal estate tax purposes and their estimated value;
(7) That the estate is not indebted or, if indebted, the names, addresses of creditors and the amounts due them, and that provision for payment of debts has been made or the claims are barred;
(8) A proposed schedule of distribution of all assets to those entitled thereto as surviving spouse, heirs, beneficiaries, or creditors, and their respective names, ages, residences and relationships to the decedent;
(b) The term “gross estate” as used in this rule means gross estate as defined for federal estate tax purposes and consists of both probate and non-probate assets of a decedent.
(c) The petition shall be signed and verified by all beneficiaries and the surviving spouse, if any. The petition may be signed on behalf of a minor or an incompetent by his legal guardian or, if none, by his natural guardian.
Rule 5.520. Committee Notes:
1975 Revision: Implements FPC 735.101 and FPC 735.103. Establishes the requirements of a petition for family administration.
1977 Revision: Unchanged.
RULE 5.530. SUMMARY ADMINISTRATION; PETITION, HEARING AND DISTRIBUTION
(a) A petition for summary administration may be filed at any stage of the administration of an estate that would qualify, by any beneficiary or person nominated as personal representative in the decedent’s will offered for probate and shall be signed and verified by the surviving spouse, if any, and the beneficiaries who are sui juris, and the guardians of any beneficiaries who are not sui juris, or the persons described by FPC 735.209. Any beneficiary who will receive his full distributive share under the proposed distribution shall not be required to join in or consent to the petition. Formal notice of the hearing on the petition shall be given to any beneficiary who does not join in or consent to the petition.
(b) The petition, whether in a testate or intestate estate, shall be verified and show the following:
(1) The interest of the petitioner, his name and address and the name and address of his attorney.
*854 (2) The name, last known address, date and place of death or the decedent, and the state and county of his domicile at the time of death.
(3) That to the best knowledge of the petitioner, the value of the entire estate, subject to administration in this state, less the value of the property exempt from claims of creditors, does not exceed the estimated fair market value of $10,000.00 or that the decedent has been dead for a period of three or more years.
(4) That the estate is not indebted, or if indebted, the names and addresses of creditors and the amount due them and that provision for payment of the debts has been made.
(5) The names and addresses of the beneficiaries entitled to receive distribution of the assets of the estate and the ages of any who are minors.
(6) A complete list of the assets of the estate and their estimated value together with those assets claimed to be exempt.
(7) A proposed schedule of distribution of all assets to those entitled thereto as surviving spouse, beneficiaries or creditors.
(c) The petition in a testate estate shall also contain the statements required by Rule 5.200(b)(9) and (10), and a statement that the will does not direct administration as required by Chapter 733 of the Code.
(d) The petition for an intestate estate shall also contain the statement required by Rule 5.200(b)(8).
(e) Upon filing the petition, the will, if any, shall be proved in accordance with these rules and be admitted to probate. After such hearing as the court may require, an order of summary administration shall be entered allowing the disbursement and distribution of the assets to the persons entitled to them, as shall be directed by said order.
Rule 5.530. Committee Notes:
1977 Revision: Change in (a) to conform to 1975 Code revision.
Implements FPC 735.201, 735.202, 735.-203, 735.206, and 735.209. Establishes, the requirements of a petition for summary administration and provides for the hearing thereon and the entry of the order of distribution of the assets. The rule includes the requirement in the petition of a statement to the effect, in an intestate estate, that the petitioner is unaware of any unrevoked will or, if.aware, why it is not being probated; and to identify the will being presented for probate in a testate estate and states that petitioner is unaware of any other unre-voked will or, if aware, why the other will is not being probated. These statements are included in the requirements of a petition for administration under FPC 733.-202(4) and (5), respectively, and Fla.R.P. & G.P. 5.200(b)(8) and (9), and in a petition for family administration under FPC 735.103 (which refers to FPC 733.202) and Fla.R.P. & G.P. 5.520 (which refers to Fla.R.P. & G.P. 5.200). The additional statements in the petition for summary administration were deemed necessary by the committee; consistency is maintained with other provisions of the Code and the rules.
PART III-GUARDIANSHIP
RULE 5.540. DEFINITIONS
Unless the context requires otherwise, when used in these rules:
(a) “Clerk” means the clerk or deputy clerk of the court.
(b) “Court” means the circuit court.
(c) “Estate” includes the property of a ward subject to administration.
(d) “FGL” means the Florida Guardianship Law, as amended from time to time.
(e) A “foreign guardian” is one appointed in another state or country.
(f) A “guardian” is one to whom the law has entrusted the custody and control of the person or property, or both, of an incompetent. “Guardian” may mean curator, conservator or committee if appointed in another state.
(g) A “Guardian ad litem” is one appointed by a court in which particular litigation *855 is pending to represent a ward in that litigation.
(h) An “incompetent” is a person who, because of minority, senility, lunacy, insanity, imbecility, idiocy, drunkenness, excessive use of drugs or other physical or mental incapacity, is incapable of either managing his property or caring for himself, or both.
(i) A “minor” is a person under 18 years of age whose disabilities have not been removed by marriage or otherwise!
(j) “Property” means realty, personalty and choses in action, or any interest in them, legal or equitable, and also claims or rights of action arising in tort.
(k) A “ward” is an incompetent for whom a guardian has been appointed.
Rule 5.540. Committee Notes:
1975 Revision: These definitions are intended to simplify application of these rules. See also definitions in FGL 744.102.
1977 Revision: Editorial change in committee note.
RULE 5.550. PETITION FOR ADJUDICATION OF INCOMPETENCY
(a) Every petition for adjudication for incompetency shall be verified by the petitioner or his attorney and shall allege, to the best of petitioner’s knowledge and belief:
(l) The name, date of birth, address of the alleged incompetent and the nature of his disability;
(2) The address of the petitioner; and
(3) The names, relationships and addresses of the spouse and next-of-kin of the incompetent.
(b) When a petition is filed, the court shall set a date for hearing.
Rule 5.550. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Implements FGL 744.331 and is substantially the same as subsection (3) and the first sentence in subsection (4).
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN
(а) Every petition for the appointment of a guardian shall be verified by the petitioner or his attorney and shall allege, to the best of petitioner’s knowledge and belief:
(1) Facts sufficient to show that venue is proper;
(2) Petitioner’s residence and post office address;
(3) The name, date of birth of the alleged incompetent and the nature of his incapacity;
(4) The date and court of adjudication;
(5) The type of guardianship desired;
(б) The approximate value and description of his property;
(7) The names and addresses of the persons most closely related to the incompetent;
(8) That the person sought to be appointed is qualified to act as guardian in the state of Florida;
(9) The preference, if any, to which the person sought to be appointed is entitled pursuant to the provisions of FGL 744.302 or 744.312; and
(10) In the case of information required in the petition which is not known to the petitioner, that reasonable search has been made and that the information cannot be ascertained without delay that would adversely affect the incompetent or his property.
Rule 5.560. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.334 expanded to include provisions of FGL 744.-302 and FGL 744.312 by reference.
RULE 5.570. NOTICE: ADJUDICATION OF INCOMPETENCY AND APPOINTMENT OF GUARDIAN
(a) Notice of Petition for Adjudication of Incompetency
*856 A petition for adjudication of incompetency shall be served upon the alleged incompetent in the manner as provided by Fla.R.Civ.P. 1.070. A notice of the hearing on the petition shall accompany the petition. A copy of the petition and notice of the hearing thereon shall be served on one or more members of his family, if any other than petitioner are known to be residing in the county.
(b) Notice of Petition for Appointment of Guardian
(1) A petition for appointment of guardian may be heard by the court without notice if filed before the conclusion of the hearing in which the person for whom a guardian is sought to be appointed is adjudged incompetent.
(2) If the petition is filed after the conclusion of the hearing adjudicating the person incompetent, a copy of the petition and notice of the hearing thereon shall be served on the incompetent and one or more of his family or relatives if' any can be found within the county.
(3) If the petition alleges that the incapacity is minority and the petitioner is not a parent and one or both of the parents of the minor are living, a copy of the petition and notice of the hearing thereon shall be given to them. When the person sought to be appointed is a parent, no notice is necessary unless the other parent is living and refuses to consent to the appointment.
Rule 5.570. Committee Notes:
1977 Revision: Editorial change in rule. Change in committee note to conform to statutory renumbering.
Implements FGL 744.331(4) and FGL 744.337 with editorial changes.
RULE 5.590. DISQUALIFICATION OF GUARDIAN: NOTIFICATION
Any guardian who was improperly qualified or who becomes disqualified to act after his appointment, shall immediately present his resignation to the court and shall do any and all other things necessary or proper to procure an order approving such resignation.
Rule 5.590. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
No statutory reference. Reasons for removal of guardian set out in FGL 744.474.
RULE 5.600. OATH
Before exercising his authority as guardian, every guardian shall take an oath that he will faithfully perform his duties as guardian. If the petition for appointment of guardian is verified by the prospective guardian individually, the oath may be incorporated in the petition and may also be incorporated in the designation of resident agent.
Rule 5.600. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially same as FGL 744.347, except rule also permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
RULE 5.610. EXECUTION BY GUARDIAN
(a) The guardian shall sign the:
(1) Inventory;
(2) Annual and final accountings;
(3) Petition for approval of resignation and for order of discharge; and
(4) Any petition or court approval required by FGL 744.441.
Rule 5.610. Committee Notes:
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering. •
Rule lists what guardian shall sign and includes any petition for court approval required by FGL 744.441. The rule requires that the guardian have actual knowledge of *857 the more important steps and acts of administration.
RULE 5.620. INVENTORY; APPRAISALS
Within 60 days after his appointment, the guardian of the property shall file a complete inventory of the property of the ward that has come to his knowledge and of any cause of action that his ward has a right to sue on. If the guardian learns of any property that is not included in a previous inventory, the property shall be inventoried within 30 days after its discovery. When the court deems it necessary, appraisers may be appointed to appraise any property of the ward. The appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
Rule 5.620. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.377(4), FGL 744.381, and FGL 744.384 with editorial changes and an additional sentence which provides that an appraisal, if endorsed by the guardian, may be considered an inventory of that part of the estate so appraised.
RULE 5.630. PETITION AND NOTICE FOR APPROVAL OF ACTS
(a) When authorization or confirmation of any act of the guardian is required, application shall be made by verified petition of the guardian stating the facts showing:
(1) The expediency or necessity for the action;
(2) A description of any property involved; and
(3) The price and terms of a sale, mortgage or other contract.
(b) No notice of a petition to authorize a sale of perishable personal property or of property rapidly deteriorating shall be required. Notice of a petition to perform any other act under FGL 744.441 shall be given to the guardian of the person and the next of kin, if any.
(c) After the hearing upon the petition, if the act is authorized or confirmed, the order shall describe the property, if a sale or mortgage is authorized, and;
(1) If the property is authorized for sale at private sale, the order shall fix the price and the terms of the sale, or
(2) If the sale is to be public, the order shall state that the sale shall be made to the highest bidder and the court reserves the right to reject all bids.
(d) An order for any other act permitted under FGL 744.441 shall describe the permitted act and authorize the guardian to perform it or confirm its performance.
Rule 5.630. Committee Notes:
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.447 and FGL 744.451 with editorial changes.
RULE 5.640. CONTINUANCE OF BUSINESS OF WARD
(a) When the ward is adjudicated incompetent while engaged in any unincorporated business or venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b) Before an order is made under paragraph (a), the guardian shall file a verified petition, alleging sufficient facts to make it appear that it is in the best interest of the ward’s estate to continue the business or venture.
(c) The order authorizing the continuance of the business or venture may empower the guardian to make contracts necessary to conduct the business or venture and to incur debts and pay out money in the proper conduct of the business or venture. The net profits only of the business or venture are to be added to the assets of the ward’s estate.
(d) In the conduct of the business or venture, the guardian shall keep full and accu *858 rate accounts of all receipts and expenditures and make reports as the court requires.
(e) Any person interested in the ward’s estate, at any time, may petition the court for an order requiring the guardian to discontinue and to wind up the business or venture, and the court, after notice to the guardian, shall enter such order thereon as is in the best interest of the ward’s estate.
Rule 5.640. Committee Notes:
1977 Revision: No change in rule, Change in committee note to conform to statutory renumbering.
Implements FGL 744.441(16). The rule is patterned after Fla.R.P. & G.P. 5.350 pertaining to the continuation of a business of a decedent by a personal representative.
RULE 5.650. RESIGNATION OF GUARDIAN AND APPOINTMENT OF SUCCESSOR
(a) A guardian may tender his resignation by filing a petition for approval thereof and thereafter be relieved of his guardianship duties and obligations upon acceptance of such resignation by approval of the court after notice as the court may require and notice to the surety on his bond. Before entering an order relieving the guardian, the court shall require him to file a true and correct account of his guardianship, to deliver to the successor guardian any and all property of the ward and all records concerning the property of the ward or of the guardianship and all money due by him. The court shall be satisfied that the interest of the ward will not be placed in jeopardy by the resignation before entering the order. The acceptance of the resignation shall not exonerate the guardian or his surety from any liability previously incurred.
(b) A successor guardian must be appointed and duly qualified before a guardian shall be relieved of his duties and obligations as provided in the preceding paragraph.
Rule 5.650. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.467 and FGL 744.471 with editorial changes.
RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) Proceedings for removal of a guardian may be instituted by the court or by any surety or other interested person. If proceedings are instituted by a person other than the court, they shall be by verified petition stating the facts upon which the petition is based. Notice shall be given to the guardian. On the hearing the court may enter the order that is proper under the pleadings and the evidence.
(b) A removed guardian shall file a true, complete and final accounting of his guardianship within 20 days after his removal, unless for good cause shown the time is extended by the court.
(c) The successor guardian shall demand of the removed guardian, or his heirs, personal representative or surety all the property of the ward and all records with all money due the ward by him. The removed guardian, or his heirs, personal representative or surety, shall turn over the items to his duly qualified successor.
(d) If a removed guardian fails to file a true, complete and final accounting of his guardianship, to turn over to his successor all property of his ward and all records that are in his control and that concern the property of the ward or the guardianship, or to pay over to the successor guardian all money due the ward by him, the court shall commit the removed guardian until he complies with the requirements indicated. If cause is' shown for the default, the court shall set a reasonable time within which to comply, and on failure to comply with this or any subsequent order, the removed guardian may be committed until he does comply. Proceedings for the commitment of a defaulting guardian may be instituted by the court, by any interested person or by a successor guardian.
*859 (e) If proceedings for commitment are instituted by the court, the order directing compliance shall be sufficient of itself. If proceedings are instituted by a person other than the court, they shall be by verified petition, stating the facts upon which the proceedings are based. After notice to the removed guardian and a hearing on the petition, if it deems the facts stated sufficient, the court shall issue its order and proceed in accordance with the provisions of this rule.
Rule 5.660. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.477, FGL 744.511, FGL 744.514, and FGL 744.-517, with editorial changes and additional provisions to the effect that if any proceedings are instituted by a person other than the court they shall be by verified petition stating the facts upon which the proceedings are based.
RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
When the domicile of a resident ward has been changed in accordance with FGL 744.-201, and the foreign court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship. The Florida guardian of the property shall cause a notice to be published once a week for two consecutive weeks in a newspaper of general circulation published in the county that he has filed his accountings and will apply for discharge on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction. If an objection is filed to the termination of the Florida guardianship, the court shall hear the objection and enter an order either sustaining or overruling the objection. Upon the disposition of all objections filed, or, if no objection is filed, final settlement shall be made by the Florida guardian. On proof that the remaining assets in the guardianship have been received by the foreign guardian, the Florida guardian shall be discharged. The entry of the order terminating the Florida guardianship shall not exonerate the guardian of the property or his surety from any liability previously incurred.
Rule 5.670. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Same as FGL 744.524 with editorial changes.
RULE 5.680. TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD’S INCAPACITY, DEATH OR EXHAUSTION OF ASSETS
(a) When a ward becomes sui juris or the property of a ward has been lawfully exhausted or the ward dies or is restored to competency, the guardian of the property shall file a final accounting and petition for his discharge, The court may require proof of the removal of incompetency or of the need of the continuance of the guardianship.
(b) When the need for the guardianship terminates under this rule, the guardian shall promptly file his final accounting. If no objections are filed and if it appears that the guardian has made full and complete distribution of the ward’s assets to the person entitled to them, and has otherwise faithfully discharged his duties, the court shall approve the final accounting. If objections are filed, the court shall conduct a hearing in the same manner as provided for a hearing on objections to annual account-ings.
(c) The guardian applying for a discharge is authorized to retain from the funds in his possession a sufficient amount to pay the final costs of administration, including guardian and attorneys fees regardless of *860 the death of the ward accruing between the filing of his final accounting and the order of discharge.
(d) The guardian applying for discharge shall do so by filing a petition for discharge and serving a copy of the petition and notice of hearing on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next-of-kin of the deceased ward or such persons as the court may direct. The notice of hearing on the petition for discharge shall state a time certain, not less than 30 days after service, when the petition for discharge shall be heard and shall state that objection to the petition for discharge and the final accounting as provided for hereinabove may be filed in the court before the hearing. Any sui juris person entitled to notice and a personal representative may waive the notice and hearing. If any objection is filed, the court shall hear the objection and enter its order thereon.
(e) If the court is satisfied that the guardian has faithfully discharged his duties and has rendered a complete and accurate final accounting and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge. The discharge shall operate as a release from the duties of the guardianship and as a bar to any action against the guardian or his surety unless the action is commenced within one year from the date of the order.
Rule 5.680. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Implements FGL 744.527 and FGL 744.-531, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
RULE 5.690. ANNUAL ACCOUNTINGS
(a)The annual accounting shall be filed on or before April 1 of each year or 90 days after termination of the ward’s fiscal year. In his accounting, a guardian of the property shall render a full and correct accounting of the receipts and disbursements of all his ward’s property of which he has control and shall include a statement of the ward’s assets.
(b) Substantiating papers shall not be filed with accountings, but pertinent substantiating papers and records shall be available at the trial of objections to accountings, and all substantiating papers and records shall be preserved by the guardian for 3 years after his discharge.
(c) If a guardian fails to file his annual accounting, any person interested may file a written demand for service of a copy of the accounting, containing the post office address of the person filing it. If any demand is on file at the time the accounting is filed, the guardian shall serve a copy of the accounting upon the person who filed the demand and shall file proof of service of it.
(d) It is not necessary to file an annual accounting when a ward who has become sui juris, or the personal representative of a deceased ward, waives the filing thereof in writing. Notwithstanding a waiver, the court may require the filing of the accounting.
(e) Unless otherwise waived by the court, a guardian of the property shall appear before the court at the time the guardian of the property files his annual accounting or at such time as the court shall determine in order that the court may inquire as to any matter relating to the financial well-being of the ward.
Rule 5.690. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.427(1), (2), and (4), and FGL 744.437 with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the *861 time he files his annual accounting or at such time the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with FGL 744.437 which refers to “every guardian” but in the same sentence it refers to “at the time the guardian files his annual return” and only the guardian of the property is required to file an annual accounting.
RULE 5.700. OBJECTIONS TO ANNUAL ACCOUNTINGS
(a) After the filing of the accounting, a person interested as creditor, or otherwise, may file objections to any item in writing within 30 days after filing, or within 30 days after service of a copy when such service is required, specifying the grounds of objection. No item previously approved by the court on notice shall be subject to objection.
(b) If objections are filed, the guardian or the objecting person, after the expiration of the time for filing objections and on reasonable notice to the other, may apply to the court for a hearing. After the hearing, the court shall enter an order sustaining or overruling the objections.
(c)If no objection is filed to any accounting within the time for filing objections, the court shall examine the accounting and enter its order approving it or requiring proof of the items.
Rule 5.700. Committee Notes:
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
Substantially the same as FGL 744.427(3), (5), and (6) with éditorial changes.